## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RETTA HENSHAW, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-13-106-KEW |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
|       Defendant. | ) |

### OPINION AND ORDER

Plaintiff Retta Henshaw (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on February 20, 1962 and was 49 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has no past relevant work. Claimant alleges an inability to work beginning January 1, 2002 due to limitations resulting from hypertension, arthritis, back problems, chronic fatigue, fibromyalgia, anxiety, depression, irritable bowel syndrome, lupus,

severe allergies, headaches, and pain in her joints. Claimant also contends she suffers from memory and concentration problems and sleep problems.

**Procedural History**

On May 24, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 28, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain in Tulsa, Oklahoma. By decision dated January 25, 2012, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on February 2, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in rejecting the

medical opinion relating to Claimant's mental.

**Consideration of the Opinion Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of systemic lupus erythematosus, fibromyalgia, degenerative disc disease, and a mood disorder. (Tr. 14). The ALJ determined Claimant retained the RFC to perform light work by occasionally lifting/carrying 20 pounds, frequently lifting/carrying 10 pounds, standing and/or walking for 6 hours in an 8 hour workday, and sitting for 6 hours in an 8 hour workday, all with normal breaks. The ALJ found Claimant should avoid working above shoulder level and should be limited to simple, repetitive tasks having no more than incidental contact with the public. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of small product assembler and bakery worker which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 19). The ALJ, therefore, concluded Claimant was not disabled. Id.

Claimant contends the ALJ failed to properly evaluate the opinion of Dr. Tom Shadid, a state agency physician who reviewed Claimant's records. Dr. Shadid completed a Mental Residual Functional Capacity Assessment on Claimant on October 25, 2010. He concluded Claimant suffered from marked limitations in the

5

functional areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 311-12). In the narrative portion of the functional capacity assessment set out in the form, Dr. Shadid stated Claimant can perform simple tasks with routine supervision, can relate to supervisors and peers on a superficial work basis, cannot relate to the general public, and can adapt to a work situation. (Tr. 313).

In his decision, the ALJ gave Dr. Shadid's opinion, together with the opinions of other state agency physicians, "great weight" "because they are well supported by medically acceptable clinical and laboratory techniques and are not inconsistent with the other substantial evidence of record." (Tr. 18). Claimant suggests that the ALJ failed to include Dr. Shadid's restriction to only superficial contact with supervisors and peers in his RFC and, as a result, effectively rejected this portion of Dr. Shadid's opinion without providing a justification for doing so.

This Court must agree that the ALJ gave Dr. Shadid's opinion significant weight without adopting the totality of his restrictions or providing an explanation for not including this restriction in his RFC. The ALJ is required to consider all medical opinions, whether they come from a treating physician or

non-treating source.  Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c).  He must provide specific, legitimate reasons for rejecting any such opinions.  The ALJ must also give consideration to several factors in weighing any medical opinion.  Id.; 20 C.F.R. § 416.927(d)(1)-(6).  He is also not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability.  Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).  On remand, the ALJ shall consider the restriction stated by Dr. Shadid not included in the ALJ's RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 30th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE